**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4060**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

HASSAN GENELL HINES,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:07-cr-00323-BO-1)

Submitted:  May 6, 2010                Decided:  May 27, 2010

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Jude Darrow, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Hassan Hines of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006); possession of a firearm after having previously been convicted of a crime punishable by more than one year, in violation of 18 U.S.C. § 922(g)(1) (2006); possession with intent to distribute marijuana, cocaine, and cocaine base, in violation of 21 U.S.C. § 841(a) (2006); maintaining a residence for distributing controlled substances, in violation of 21 U.S.C. § 856 (2006); and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Hines to a total of 480 months of imprisonment and he now appeals. For the reasons that follow, we affirm.

Hines first argues that comments the district court made during his testimony and the court's extensive questioning of witnesses deprived him of a fair trial. A trial court is specifically authorized by the Federal Rules of Evidence to "interrogate witnesses, whether called by itself or by a party." Fed. R. Evid. 614(b). On appeal, this court will afford a measure of deference to the decision by a district court to exercise its authority under Rule 614(a) to question a witness. United States v. Smith, 452 F.3d 323, 333 (4th Cir. 2006). As with other matters of trial management, the decision to question

2

a witness is quintessentially within the province of the district court. Smith, 452 F.3d at 332.

As Hines did not object to the district court's statements during his testimony or to the court's questioning of the witnesses, this issue is reviewed for plain error. United States v. Godwin, 272 F.3d 659, 679 (4th Cir. 2001); see United States v. Moore, 11 F.3d 475 (4th Cir. 1993). To prevail on a claim of unpreserved error, Hines must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Furthermore, even if Hines satisfies this standard, this court will exercise its discretion to notice the error only "if the error seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." Id. (internal quotation marks and citation omitted).

We have thoroughly reviewed the record and conclude that Hines has failed to satisfy these standards. Even if we assume that the district court committed error that was plain, Hines fails to demonstrate that the error affected his substantial rights as the evidence of his guilt presented at trial was compelling and overwhelming. See Godwin, 272 F.3d at 680.

Hines next argues that his counsel rendered ineffective assistance. Under Strickland v. Washington, 466

3

U.S. 668, 687 (1984), to prove a claim of ineffective assistance of counsel a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." With respect to the first prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Under the second prong of the test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Moreover, this court may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

Hines contends that his counsel was ineffective for failing to object to the court's statement and requesting a mistrial, failing to call his brother as a witness, and failing to argue that the court's statement was improper in his Fed. R. Crim. P. 29 motion. We conclude, however, that Hines has failed to demonstrate that ineffective assistance conclusively appears from the record. We accordingly decline to consider this claim on direct appeal.

4

Finally, Hines argues that the admission of statements made by a confidential informant violated his Sixth Amendment right to confront witnesses against him. In Crawford v. Washington, 541 U.S. 36, 68 (2004), the Supreme Court held that the Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." The Court explained, however, "[t]hat the [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Id. at 59 n.9 (citing Tennessee v. Street, 471 U.S. 409, 414 (1985)).

Here, a government witness testified to information provided by the confidential informant to explain why the authorities undertook an investigation into Hines. Accordingly, as this information was not offered for its truth, the introduction of these statements did not violate the Confrontation Clause. Crawford, 541 U.S. at 59 n.9. With respect to the remainder of the confidential informant's statements, defense counsel elicited this information during cross-examination and, therefore, the admission of these statements "provides no basis for reversal." United States v. Neal, 78 F.3d 901, 904 (4th Cir. 1996) (finding error invited by the defendant not to require reversal of conviction).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED